**CARLTON FIELDS**

ATTORNEYS AT LAW

**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 |  fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Natalie A. Napierala
Shareholder
(212-785-2747)
nnapierala@carltonfields.com

August 5, 2022

Via ECF

Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

        Re:  *WCT Inc. v. Republic of India, et al.*, 1:22-cv-06340 (VSB)

Dear Judge Broderick,

    Carlton Fields is counsel to Nominal Defendant the State Bank of India's New York branch ("**SBI**") in the above-referenced matter.

    Plaintiff WCT Inc. served SBI with an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, Doc. 23 ("**OTSC**"), in which this Court ordered that Defendants and Nominal Defendant file any papers in opposition to the OTSC on or before August 5, 2022.  *Id.* at 2.  Please permit this letter to serve as SBI's response to the OTSC.

    Other than preserving, and not waiving, its immunity arguments under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602, *et seq*. ("**FSIA**") from any potential claim or cause of action, SBI takes no position on the relief at issue in the OTSC.

**I.**    **The Complaint**

    The Complaint contains only limited allegations specifically directed to SBI:

> "Nominal Defendant the State Bank of India, New York Branch is a New York State licensed banking institution with a New York branch with its principal place of business located at 460 Park Avenue, New York, New York 10022."  Doc. 18 ¶ 10.

> "Three of the bank guarantees were issued by SBI and are directly at issue in this action (individually 'SBI Bank Guarantee' and collectively the 'SBI Bank Guarantees'), and totaled $3,970,304.00."  *Id.* ¶ 46.

Letter to Judge Broderick, U.S.D.J.
August 5, 2022
Page 2 of 3

    The Complaint does not allege that any exception to sovereign immunity applies with respect to SBI.  *Id.* ¶¶ 12–14.

## II.    The Foreign Sovereign Immunities Act

    The FSIA "codifies, as a matter of federal law, the restrictive theory of sovereign immunity." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983). The FSIA also provides the "sole basis for obtaining jurisdiction" over a foreign state, or its agency or instrumentality, in United States courts. *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 30 (2015) (citation omitted); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).

    Under the FSIA, a "foreign state" is immune from the jurisdiction of American courts unless a statutory exception applies. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); 28 U.S.C. § 1604. The FSIA defines the term "foreign state" to include "a political subdivision of a foreign state or an agency or instrumentality of a foreign state," and further specifies that an "agency or instrumentality of a foreign state" includes, among other things, "an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof." 28 U.S.C. §§ 1603(a), (b).

## III.    SBI is an Immune "Foreign State"

    A majority stake in State Bank of India is owned and controlled directly by the Indian government and as such it is an immune "foreign state" under the FSIA.  As a result, the FSIA "provides the sole basis for obtaining jurisdiction" over State Bank of India "in the courts of this country." *Rogers v. Petroleo Brasileiro, S.A.*, 673 F.3d 131, 136 (2d. Cir. 2012) (citation omitted).  State Bank of India has been repeatedly recognized as an agency or instrumentality of the Indian government, including in this Circuit and the district courts thereunder. *See Gosain v. State Bank of India*, 414 Fed. App'x 311, 313–14 (2d Cir. 2011) (stating, "[t]here is no dispute that the SBI defendants are eligible for immunity under the FSIA as instrumentalities of India"); *Goel v. Am. Digital Univ., Inc. and State Bank of India, et al.*, 14-CV-1895 (KBF), Nos. 14-cv-2053 (KBF), 14-cv-1895 (KBF), 2017 WL 1082458, at **1, 14 (S.D.N.Y. Mar. 21, 2017); *Poddar v. State Bank of India*, 235 F.R.D. 592, 596 (S.D.N.Y. June 14, 2006); *Mitra v. State Bank of India*, No. 03- CIV-6331, 2005 WL 2143144, at *2 (S.D.N.Y. Sept. 6, 2005); *New York Bay Co. v. State Bank of Patiala*, No. 93-CIV-6075, 1994 WL 369406, at *2 (S.D.N.Y. Jul. 12, 1994); *Murjani v. State Bank of India*, No. 89-CIV-5467, 1990 WL 212938, at *2 (S.D.N.Y. Dec 17, 1990), *aff'd*, 935 F.2d 1277 (2d Cir. 1991).

    Accordingly, SBI is "presumptively immune" under the FSIA. *See Fir Tree Capital Opportunity Master Fund, LP v. Anglo Irish Bank Corp.*, No. 1:11-cv-0955, 2011 WL 6187077, at *6 (S.D.N.Y. Nov 28, 2011). As a presumptively immune entity, if no statutory exception applies under the FSIA, then SBI is immune and not subject to suit in United States courts. The burden then shifts to the plaintiff to present evidence that a statutory exception to immunity applies. *See Fir Tree Capital*, 2011 WL 6187077, at *7.

Letter to Judge Broderick, U.S.D.J.
August 5, 2022
Page 3 of 3

### IV.     SBI's Response to the OTSC

Even when named as a nominal defendant, a foreign sovereign maintains its federal statutory rights.  *See, e.g., Citibank, N.A. v. Nyland (CF8) Ltd.*, 878 F.2d 620, 622, 624 (2d Cir. 1989).  Other than preserving, and not waiving, its immunity arguments under the FSIA from any potential claim or cause of action, SBI takes no position on the relief at issue in the OTSC (i.e., whether SBI should be restrained and enjoined from accepting or honoring any request to draw on certain bank guarantees issued by it or otherwise utilizing the collateral in support of the same during the pendency of this action).

### V.      SBI's Response to Plaintiff's Complaint

If SBI, as a Nominal Defendant, is required to respond to Plaintiff's Complaint, then as an agency or instrumentality of a foreign state, SBI has sixty (60) days from service to answer, move, or otherwise respond. *See* 28 U.S.C. § 1608(b), (d); *see also Eitzen Bulk v. Bank of India*, 827 F.Supp.2d 234, 241 (S.D.N.Y. 2011).

Thank you for your consideration.

                    Respectfully submitted,

                    Carlton Fields, P.A.

                  By: /s/ Natalie A. Napierala
                        Natalie A. Napierala

cc:  All counsel of record via ECF